MEMORANDUM **
Vitaliy Antonets, a native of the former Soviet Union and citizen of Ukraine, petitions for review of the Board of Immigration Appeals’' order affirming an immigration judge’s (“U”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, Don v. Gonzales, 476 F.3d 738, 741 (9th Cir.2007), and we review de novo constitutional claims, Rivera v. Mukasey, 508 F.3d 1271, 1274-75 (9th Cir.2007). We deny the petition for review.
Substantial evidence supports the agency’s adverse credibility determination based on the inconsistencies between An-tonets’ testimony and the Record of Sworn Statement in Proceedings as to his reasons for coming to the United States and whether he feared returning to Ukraine, see Li v. Ashcroft, 378 F.3d 959, 962-63 (9th Cir.2004) (sworn airport interview statement was a rehable impeachment source to support an adverse credibility finding), an inconsistency relating to Anto-nets’ hospital visits, see id. at 963, and his inability to corroborate his membership in Vilnyy Shlyah, see Sidhu v. INS, 220 F.3d 1085, 1091 (9th Cir.2000) (“[W]here the IJ has reason to question the applicant’s credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review.”).
*923 In the absence of credible testimony, Antonets failed to establish he is eligible for asylum or withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Because Antonets’ CAT claim is based on the testimony the agency found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if he returned to Ukraine, his CAT claim fails. See id. at 1156-57.
Finally, we deny Antonets’ due process contention because there was no error in the agency’s handling of the Record of Sworn Statement in Proceedings. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process claim).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.